## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LUXOTTICA GROUP S.p.A.,
an Italian corporation,

Piazzale Cadorna 3
20123, Milano Italy

*and*

OAKLEY, INC., a Washington
corporation,

One Icon, Foothill Ranch, CA 92610

       Plaintiffs,

   v.

MARSALLE, INC. d/b/a CITY SHADES BY
NYS, a New York corporation,

4 Timber Lane, Unit E, Marlboro, NJ, 07746

       Defendant.

_____/

CASE NO.:

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. ("Luxottica Group") and Oakley, Inc. ("Oakley") (together, "Plaintiffs" or "Luxottica Group"), through undersigned counsel, hereby sue Defendant, Marsalle, Inc. ("Defendant"), and allege:

## INTRODUCTION

1.     This case concerns the violation of the intellectual property rights of Luxottica Group and Oakley by Defendant's sale of sunglasses in Maryland bearing counterfeits of the Ray-Ban and Oakley trademarks (the "Counterfeit Merchandise").  Through this action, Luxottica Group and Oakley seek to address Defendant's counterfeiting activities, as well as to protect

unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.  Luxottica Group and Oakley have been and continue to be irreparably harmed as a result of Defendant's unlawful actions.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. § 1114 (the "Lanham Act").

3.      Venue is proper pursuant to 28 U.S.C. § 1391 and Defendant is subject to the Court's personal jurisdiction because Defendant conducts substantial business in this Judicial District, and a substantial part of the events giving rise to the claim in this action occurred within this Judicial District.

## PARTIES

4.      Plaintiff, Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

2.      Plaintiff, Oakley is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California.  Oakley is an indirect wholly owned subsidiary of Luxottica Group S.p.A.

5.      Defendant Marsalle, Inc. is a corporation organized and existing under the laws of the State of New York.   Defendant owns, operates, and controls hundreds of eyewear retail stores and kiosks throughout the United States, including within this Judicial District.   Defendant operates its business using various trade names, including "NYS Collection" and "City Shades by NYS", among others.   As alleged herein, Defendant has directly engaged in the promotion and sale of Counterfeit Merchandise within this Judicial District.

2

## FACTUAL ALLEGATIONS

**A.     The World-Famous Luxottica Brands and Products**

6.      Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

7.      Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

8.      Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Maryland.

9.      Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

10.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks.  As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

11.     Luxottica Group is the owner of the following United States Federal Trademark Registrations (the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | **RAY-BAN** | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | *Ray-Ban* | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | *RB* | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

12.     Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1]  These registrations are valid and subsisting and the majority are incontestable.

13.     The registration of the Ray-Ban Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

14.     The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

15.     The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

16.     The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     The World-Famous Oakley Brand and Products.**

17.     Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

18.     Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Maryland.

19.     Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

20.     Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

21.     Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 |  | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |
| 1,927,106 |  | For: printed materials, namely decals and stickers in class 16. |
| 3,151,994 |  | For: class 9 protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 1,980,039 |  | For:  protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |

22.     Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks.  These registrations are valid and subsisting and the majority are incontestable.

23.     The registration of the Oakley Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

24.     The registration of the Oakley Trademarks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

25.     The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

26.     The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.     Defendant's Infringing Conduct**

27.     On August 26, 2022, Luxottica Group's representative visited Defendant's kiosk "City Shades by NYS" located inside the Arundel Mills shopping mall at 7000 Arundel Mills Cir, Hanover, MD 21076.   During that visit, Luxottica Group's representative discovered that Defendant was advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks. Photographs of the kiosk and the sunglasses being offered for sale on that day are depicted below:

7



28.    Luxottica Group's representative purchased one pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks, and one pair of sunglasses bearing one or more of the Oakley Trademarks for a total of $53.02, including sales tax.   Photographs of the counterfeit sunglasses purchased on that day are depicted below:

 

 

29.     Luxottica Group, on behalf of itself and Oakley, has inspected each of the items that were purchased from Defendant and determined that the sunglasses bearing reproductions of the Ray-Ban and Oakley Trademarks were in fact counterfeit products that infringed one or more of the Ray-Ban and Oakley Trademarks.  Specifically, the sunglasses and accessories contained markings that were inconsistent with markings found on authentic Ray-Ban and Oakley trademarked sunglasses and accessories.

30.     Defendant, without any authorization, license, or other permission from Luxottica Group or Oakley has used one or more of the Ray-Ban and Oakley Trademarks in connection with the advertising, distribution, offering for sale and sale of the Counterfeit Merchandise.

31.     The forgoing acts of Defendant constitutes direct and willful trademark infringement in violation of the Lanham Act.

32.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendant is authentic or authorized products of Luxottica Group and Oakley.

33.     The activities of Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group and Oakley.

34.     Defendant is well-aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Ray-Ban and Oakley Trademarks, and the incalculable goodwill associated therewith.

35.     Defendant's knowing and deliberate hijacking of Luxottica Group's and Oakley's famous trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation.  In addition, the damage caused by Defendant is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

36.     The harm being caused to Luxottica Group and Oakley is irreparable and Luxottica Group and Oakley do not have an adequate remedy at law.  Luxottica Group and Oakley therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendant.

37.     Luxottica Group and Oakley also seek damages as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing Luxottica Group's and Oakley's Trademarks.

## COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

38.     Luxottica Group and Oakley repeat and reallege the allegations set forth in Paragraphs 1 through 37 above.

39.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of one or more of the Ray-Ban and Oakley Trademarks.

40.     Defendant has advertised, distributed, offered for sale and sold merchandise bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks without Luxottica Group's or Oakley's permission.

41.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendant is authentic or authorized product of Luxottica Group and Oakley.

42.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group and Oakley.

43.     Defendant has directly and willfully infringed Luxottica Group's and Oakley's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendant, Marsalle, Inc. as follows:

A.      Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendant, its agents, employees, and all those persons or entities in active concert or participation with them from:

1.      importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban and Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in their respective Ray-Ban and Oakley Trademarks;

2.      engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any trademark, service mark, name, logo, design and/or source designation associated with the Ray-Ban and Oakley Trademarks.

C.      Requiring Defendant to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product

at issue in this action that has been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, have been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley and their products;

E.      Awarding Luxottica Group and Oakley statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.      Awarding Luxottica Group and Oakley their costs, investigatory fees, and expenses;

G.      Awarding Luxottica Group and Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.      Awarding Luxottica Group and Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Dated this 15th day of December 2022

Respectfully submitted,

*Tracy Rezvani*
_____
Tracy D. Rezvani (Bar No. #13281)
**The Rezvani Law Firm LLC**
9812 Falls Road #114-291
Potomac, MD 20854-3963
Telephone: (202) 350-4270 x 101
Facsimile: (202) 351-0544
Email: tracy@rezvanilaw.com

David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Telephone: (305) 602-2008
Facsimile: (305) 602-0225
Email: david@rosemberglaw.com

*Counsel for Plaintiffs*

13